DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3896
Facsimile:      (415) 554-3837
E-Mail:          meghan.higgins@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID McKEW,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES POSTAL SERVICE; SAN FRANCISCO MUNICIPAL RAILWAY, DOES 2 TO 30,<br><br>    Defendants. | Case No. CV 08-0855 EDL<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date:   May 13, 2008<br>Time:              10:00 a.m.<br>Place:             450 Golden Gate, Courtroom E |

## DESCRIPTION OF THE CASE

**1.     Jurisdiction and Service:** This action was originally filed in state court against Defendant United States Postal Service ("USPS") on December 20, 2007. On December 28, 2007, Plaintiff amended his complaint to add Defendant City and County of San Francisco ("City") as a Doe defendant. The City answered the complaint and filed a cross complaint against USPS in state court on January 25, 2008. On February 8, 2008, USPS removed the case to federal court under jurisdiction conferred upon this Court by Title 28 of the United States Code, Sections 1331, 1339, 1346, and 2671 and Title 39 of the United States Code, Section 409(a). The incident alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

1  All named defendants have been served and have appeared. Individual defendants sued as Doe
2  Defendants have not yet been identified or served.

3  United States:   The cross complaint has not been served.  Doe defendants are not proper.

4  **2.   Facts[1]:**

5  Plaintiff's contentions: The subject accident occurred on September 2, 2006 on Washington
6  Street, between Hyde Street and Leavenworth Street in San Francisco, California.  Plaintiff McKew
7  was a passenger on cable car line #60.

8  Plaintiff boarded the cable car at Hyde and Green Street and was instructed by the cable car
9  driver where to stand in the cable car.  There were not any seats available in the cable car, and
10 Plaintiff was instructed to stand on the outside.  The cable car driver, Mr. Washington, was aware of
11 Mr. McKew's presence in the cable car because Mr. Washington was talking to Mr. McKew before
12 the accident occurred.

13 There was a United States Postal Service truck parked across the safety line at the intersection
14 of Hyde and Leavenworth Street.  Mr. Washington stopped the cable car and rang the bell.  When the
15 USPS truck did not move, Mr. Washington instructed the riders of the cable car to tuck themselves in
16 and proceeded forward.  As the cable car attempted to pass the parked USPS truck, Plaintiff was hit
17 by the mail truck from behind and was pulled backwards as the cable car moved forward.  His back
18 went through the window and he broke his left ring finger, suffered a contusion on the upper
19 extremity of his arm and a shoulder muscle strain.

20

21 Defendant City's contentions:  Plaintiff has filed a form complaint and discovery has not yet
22 begun so there is very little information regarding the incident at issue.  Defendant City contends that
23 Plaintiff failed to obey operator instructions regarding how to position himself in the cable car.

24

---

[1] The parties do not intend the description in this Joint Case Management Conference Statement of any issue as an issue of law, or fact, or both to constitute an admission as to any issue, and the statements herein shall not constitute a waiver of any of any party's claims or defenses as to any issue. The parties acknowledge that disputed issues in addition to those described below may arise in this case.

Joint Case Management Statement
McKew vs. US Postal Service, et al. , CV08-0855JL
2
n:\lit\li2008\080721\00482904.doc

**The principal factual issues that the parties will dispute:**

The primary issue of this case is whether Plaintiff and either of the defendants acted negligently under the circumstances. This will require resolution of the following disputes:

(1) Whether the cable car operator drove safely under the circumstances.

(2) Whether the postal truck operator parked his or her vehicle unsafely under the circumstances.

(3) Whether the plaintiff obeyed operator instructions.

Other relevant factual disputes include the following:

(4) The nature and extent of plaintiffs' alleged injuries.

### 3. Legal Issues

The principal legal issues which the parties dispute:

(1) Whether the operators of the cable car and the USPS vehicle acted negligently under the circumstances. This will include a determination of whether either operator was a proximate cause of plaintiff's alleged injury.

(2) Whether plaintiff was contributorily negligent.

(3) Whether defendants are entitled to any immunities.

### 4. Motions

There are no motions currently pending. Defendant City may file a motion for summary judgment depending upon the results of fact discovery. Defendant United States is unable to assess whether a dispositive motion will be brought at this early juncture; however, the United States will file a motion to dismiss the cross complaint for failure to serve.

### 5. Amendment of Pleadings:

Defendants do not anticipate that any party will need to amend their respective pleadings.

### 6. Evidence Preservation

All steps necessary to preserve relevant evidence, consistent with the City and County of San Francisco's and the United State's Government's respective retention policies, are being followed. Plaintiff will take all necessary precautions to ensure that all potentially relevant discovery (whether in electronic, hard copy, or graphic form) be preserved.

Joint Case Management Statement
McKew vs. US Postal Service, et al., CV08-0855JL
3
n:\lit\li2008\080721\00482904.doc

**7. Disclosures**

The parties will complete the disclosures required by FRCP 26 by May 13, 2008.

8. **Discovery**

The parties anticipate serving Interrogatories, Requests for Production and Request for Admissions on plaintiffs. Defendant City also anticipates noticing the depositions of Plaintiff, and perhaps other percipient witnesses, if any. Other discovery is unknown at this point.

**9. Class Actions**

This case is not a class action.

**10. Related cases:**

This case has been related to a case previously filed by plaintiff for the same incident, Civil Case No. 3:07-cv-03620-EDL *McKew v. San Francisco Municipal Railway et al*, filed on May 30, 2007 and removed to this Court on July 13, 2007. That case was remanded to San Francisco Superior Court on November 27, 2007, after the Court granted the United States Postal Service's Motion to dismiss for failure to exhaust administrative remedies prior to filing suit. On January 7, 2008, Plaintiff voluntarily dismissed his complaint against the remaining defendant in that case, City and County of San Francisco.

11. **Relief**

Plaintiff filed a statement of damages in state court which indicates that he is seeking $500,000.00 for pain, suffering, and inconvenience; $100,000.00 for medical expenses; $100,000.00 for future medical expenses; $100,000.00 for loss of earnings; and $250,000.00 for loss of future earning capacity. Federal law limits plaintiff to recovery, if any, of the amount stated in his prelitigation administrative claim, which was $150,000.

**12. Settlement and ADR:**

The parties request mediation.

**13. Consent to Magistrate Judge for all purposes:**

The parties consent to Magistrate Judge LaPorte for all purposes, including trial.

**14. Other reference:**

Not applicable.

Joint Case Management Statement
McKew vs. US Postal Service, et al. , CV08-0855JL
4
n:\lit\li2008\080721\00482904.doc

**15. Narrowing of Issues:**

None at this time.

**16. Expedited Schedule:**

Not at this time.

**17. Scheduling:**

The parties request a trial date in January or February 2009.

**18. Trial:**

Plaintiff and Defendant City have demanded a jury trial, which is expected to last between 3 to 4 days. The U.S. has not waived sovereign immunity for a jury trial in this case, and therefore cannot agree to this statement.

**19. Disclosure of Non-Party Interested Entities or Persons:**

The parties are unaware of nonparties with such an interest in this lawsuit.

**20. Other matters:**

None at this point.

Dated: May 6, 2008

                         PHILIP SEGAL
                         KATHERINE FREYRE
                         Kern, Noda, Devine & Segal

                     By: /s/
                         PHILIP SEGAL

                         Attorneys for Plaintiff
                         DAVID MCKEW

Joint Case Management Statement
McKew vs. US Postal Service, et al. , CV08-0855JL
5
n:\lit\li2008\080721\00482904.doc

Dated: May 6, 2008

                    DENNIS J. HERRERA
                    City Attorney
                    JOANNE HOEPER
                    Chief Trial Deputy
                    MEGHAN K. HIGGINS
                    Deputy City Attorneys


By: /s/
     MEGHAN K. HIGGINS

Attorneys for Defendant
CITY & COUNTY OF SAN FRANCISCO

Dated: May 6, 2008

                    JOSEPH P. RUSSONIELLO
                    UNITED STATES ATTORNEY


By: /s/
     JONATHAN UNRUH LEE
     Assistant United States Attorney

Attorneys for Defendant
UNITED STATES POSTAL SERVICE

Joint Case Management Statement
McKew vs. US Postal Service, et al. , CV08-0855JL
6
n:\lit\li2008\080721\00482904.doc