DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3896
Facsimile:      (415) 554-3837
E-Mail:          meghan.higgins@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID McKEW,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNITED STATES POSTAL SERVICE; SAN FRANCISCO MUNICIPAL RAILWAY, DOES 2 TO 30,<br><br>        Defendants.<br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Cross-Complainant,<br><br>    vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Cross-Defendant. | Case No. CV 08-0855 JL<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S FIRST AMENDED CROSS CLAIM** |

Cross-claimant CITY AND COUNTY OF SAN FRANCISCO ("San Francisco") brings this first amended cross complaint against cross-defendant UNITED STATES POSTAL SERVICES ("USPS"), and alleges as follows:

## JURISDICTION

1. This action was originally filed in the San Francisco Superior Court and removed to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1339, 1441(a), 1441(e), 1442(a)(1), and 39 U.S.C. § 409(a). This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1339, 1346, 2671, et seq., and 39 U.S.C. § 409(a).

## PARTIES

2. Plaintiff herein, David McKew, is an individual.

3. Defendant and Cross-Complainant City and County of San Francisco ("San Francisco") at all times mentioned herein was and is a municipal corporation existing under the laws of the State of California. Under its authority, San Francisco operates the San Francisco Municipal Railway.

4. San Francisco is informed and believes and therefore alleges that at all times mentioned herein, cross-defendant United States Postal Service ("Postal Service") was an agency of the United States government operated under the laws of the United States.

## STATEMENT OF FACTS

5. On September 2, 2006, Plaintiff David McKew was riding a cable car operated by San Francisco on Washington Street between Hyde Street and Leavenworth Street, in San Francisco, California. United States Postal Truck 1510241 was parked on Washington Street.

6. San Francisco contends that on September 2, 2006, the driver of Postal Truck 1510241, Ellington Khoo, negligently parked Postal Truck 1510241 in the path of the cable car on Washington Street. Although San Francisco does not concede that Plaintiff McKew sustained any injuries from the incident that forms the basis of his complaint, San Francisco contends that any such injuries that did occur were the result of the Postal Service's negligent operation of the Postal Truck.

7. On or about December 27, 2007, Plaintiff David McKew filed and subsequently served on San Francisco a complaint entitled *David McKew v. United States Postal Service* et al., Case No. CGC 07-470292. Without admitting the allegations set forth therein, Plaintiffs' complaint is incorporated herein by reference solely for illustrative purposes.

# FIRST CAUSE OF ACTION

### (Implied Equitable Indemnity Against Cross-Defendant)

8. San Francisco is informed and believes and thereon alleges that in the event Plaintiff should establish liability on the part of San Francisco, which liability is expressly denied, Cross-Defendant is obligated to defend and indemnify San Francisco.

9. San Francisco at all times denies any and all liability in connection with Plaintiff's Complaint and Plaintiff's claims against it, and in the event Plaintiff establishes liability on the part of San Francisco, San Francisco alleges that Cross-Defendant negligently and carelessly owned, managed, controlled, maintained, operated the postal truck so as to proximately cause the injuries and/or damages, if any, of which Plaintiff complains.

10. If Plaintiff sustained injuries and/or damages, it was the direct result of the negligence, carelessness, acts and omissions of Cross-Defendant.

11. In the event San Francisco is held liable based upon the allegations in Plaintiff's Complaint, such liability arises only by reason of the active and primary negligence of Cross-Defendant, and through no fault of San Francisco, whose fault, if any, is secondary and passive only.

WHEREFORE, San Francisco is entitled to relief from Cross-Defendant as set forth below.

# SECOND CAUSE OF ACTION

### (Equitable Contribution/Apportionment of Fault Against All Cross-Defendants)

12. San Francisco incorporates by reference the allegations set forth in paragraphs 1 through 11, above.

13. Plaintiff's damages, if any, were caused at least in part by the negligence and carelessness of the Cross-Defendant, and as under the rules of comparative negligence, San Francisco is entitled to equitable indemnity and equitable contribution for the amount of negligence attributable to Cross-Defendant.

14. San Francisco is informed and believes and thereon alleges that in the event any party to this action should establish any liability on the part of San Francisco, which liability is expressly denied, San Francisco may be obligated to pay sums representing a proportion or percentage of fault not San Francisco's own but that of Cross-Defendant, and other parties to this action. Therefore, San

Francisco requests an adjudication and determination of the respective proportions or percentages of fault, if any, on San Francisco's part and on the part of the Cross-Defendants, and each of them, and all other parties to this action, so as to determine that portion of the amount, if any, by which San Francisco is found liable to such party that actually represents the proportion or percentage of fault of Cross-Defendants, and each of them and all other parties to this action.

15. A determination of the respective proportion or percentage of fault, if any, of San Francisco and the Cross-Defendants, and each of them, and other parties to this action is necessary to protect San Francisco's rights.

WHEREFORE, San Francisco is entitled to relief from Cross-Defendants, and each of them, as set forth below.

## THIRD CAUSE OF ACTION

**(Declaratory Relief Against Cross-Defendant)**

16. San Francisco incorporates by reference the allegations set forth in paragraphs 1 through 15, above.

17. An actual controversy has arisen and now exists between San Francisco and Cross-Defendant, in that San Francisco asserts that Cross-Defendant is liable and at fault, and Cross-Defendant denies such liability and fault.

18. A determination of the respective proportion or percentage of fault, if any, of San Francisco and the Cross-Defendant and other parties to this action is necessary to protect San Francisco's rights.

WHEREFORE, San Francisco is entitled to relief from Cross-Defendant as set forth below.

1. That if San Francisco is found liable on Plaintiffs' Complaint, San Francisco have judgment against Cross-defendant in the amount of its liability;

2. That if San Francisco is found liable on Plaintiffs' Complaint, San Francisco have equitable contribution from Cross-Defendant in proportion to the amount of negligence attributable to Cross-Defendant;

3. For a judicial declaration as to the rights of indemnity and/or contribution owing to San Francisco by Cross-Defendant;

4. For costs of suit and expenses incurred in the defense of this litigation, including reasonable attorneys' fees.

5. For prejudgment interest at the legal rate through the date of payment by Cross-Defendants; and

6. For such further relief as this Court deems just and proper.

Dated: May 29, 2008

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Deputy
        MEGHAN K. HIGGINS
        Deputy City Attorneys

By:   /s/
      MEGHAN K. HIGGINS

Attorneys for Defendant
CITY & COUNTY OF SAN FRANCISCO

San Francisco's First Amended Cross Claim
McKew vs. US Postal Service, et al., CV08-0855JL
5
n:\lit\li2008\080721\00486352.doc